**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000391**
**07-JUN-2024**
**07:51 AM**
**Dkt. 183 SO**

NOS. CAAP-19-0000391 and CAAP-20-0000442

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

**CAAP-19-0000391**
MICHAEL C. GREENSPON,
Plaintiff/Counterclaim Defendant-Appellant,
v.
DEUTSCHE BANK NATIONAL TRUST COMPANY,
AS TRUSTEE; CIT BANK NA F/K/A ONEWEST BANK, F.S.B.;
ALDRIDGE PITE LLP F/K/A PITE DUNCAN LLP,
Defendants-Appellees, and DOES 1-100, Defendants,
and
DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR
RESIDENTIAL ASSET SECURITIZATION TRUST SERIES 2006-A8 MORTGAGE
PASS-THROUGH CERTIFICATES SERIES 2006-H,
Counterclaimant/Third-Party Plaintiff-Appellee, and
DOES 1-20, Counterclaim Defendants,
and
FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR INDYMAC
BANK, F.S.B.; and DEPARTMENT OF PUBLIC WORKS, COUNTY OF MAUI,
Third-Party Defendants-Appellees, and JOHN DOES 1-5;
JANE DOES 1-5; DOE CORPORATIONS 1-5; DOE PARTNERSHIPS 1-5;
DOE ASSOCIATIONS 1-5; DOE GOVERNMENTAL UNITS 1-5; and
DOE ENTITIES 1-5, Third-Party Defendants,

and

**CAAP-20-0000442**
MICHAEL C. GREENSPON,
Plaintiff/Counterclaim Defendant-Appellant,
v.
DEUTSCHE BANK NATIONAL TRUST COMPANY,
AS TRUSTEE; CIT BANK NA F/K/A ONEWEST BANK, F.S.B.;
ALDRIDGE PITE LLP F/K/A PITE DUNCAN LLP,
Defendants-Appellees, and DOES 1-100, Defendants,
and
DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR
RESIDENTIAL ASSET SECURITIZATION TRUST SERIES 2006-A8 MORTGAGE
PASS-THROUGH CERTIFICATES SERIES 2006-H,
Counterclaimant/Third-Party Plaintiff-Appellee, and
DOES 1-20, Counterclaim Defendants,
and
FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR INDYMAC
BANK, F.S.B.; and DEPARTMENT OF PUBLIC WORKS, COUNTY OF MAUI,
Third-Party Defendants-Appellees, and JOHN DOES 1-5;
JANE DOES 1-5; DOE CORPORATIONS 1-5; DOE PARTNERSHIPS 1-5;
DOE ASSOCIATIONS 1-5; DOE GOVERNMENTAL UNITS 1-5; and
DOE ENTITIES 1-5, Third-Party Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CC171000090)

**SUMMARY DISPOSITION ORDER**
(By: Nakasone, Presiding Judge, McCullen and Guidry, JJ.)

These consolidated appeals arise out of litigation

relating to a non-judicial foreclosure of real property (the

**Haʻikū property**) that was owned by self-represented

Plaintiff/Counterclaim Defendant-Appellant Michael C. Greenspon

(**Greenspon**). In CAAP-19-0000391, Greenspon appeals from the

Hawaiʻi Rules of Civil Procedure [(**HRCP**)] Rule 54(b) Final

Judgment Dismissing All Claims of the March 21, 2018 Second

Amended Complaint (**SAC**) as to Defendant Aldridge Pite, LLP F/K/A

Pite Duncan, LLP (**AP**), entered on July 23, 2019 (**Rule 54(b)**

**Judgment**), by the Circuit Court of the Second Circuit (**circuit**

**court**).[1]  The Rule 54(b) Judgment, entered in favor of AP,

dismissed all claims in the second amended complaint against AP.[2]

In CAAP-20-0000442, Greenspon appeals from the Final

Judgment (**Judgment**), entered on June 10, 2020, by the circuit

court.  The Judgment, entered in favor of CIT Bank NA F/K/A

OneWest Bank, F.S.B. (**CIT**)[3] and against Greenspon, dismissed all

remaining claims in the second amended complaint.[4]

---

[1]      The Honorable Peter T. Cahill presided.

[2]      Greenspon appealed in CAAP-19-0000391 on May 17, 2019, from the following predicate orders:

> 1. Order Denying Plaintiff's January 8, 2018 Motion to Substitute Aldridge Pite, LLP for Defendant Cal-Western Reconveyance Corp., entered April 12, 2018;
>
> 2. Order Granting Defendant Aldridge Pite, LLP's Motion to Dismiss Second Amended Complaint filed March 21, 2018, or, in the First Alternative, for Summary Judgment, or in the Second Alternative, for More Definite Statement, Filed May 3, 2018, entered August 13, 2018;
>
> 3. "Notice of Setting" (Order Denying in Part Greenspon's August 27, 2018 "Rule 54(b) Motion to 1) Set Aside Rule 12(b)(6) Dismissal of Second Amended Complaint as to Aldridge Pite, LLP and to Bifurcate Claims, and/or 2) To Expressly Enter the Dismissal Order as Final"), entered September 20, 2018; and
>
> 4. Order Granting Plaintiff's Motion for Rule 54(b) Certification of August 13, 2018 Order Dismissing Second Amended Complaint as to Defendant Aldridge Pite, LLP, entered April 29, 2019.

This court temporarily remanded the case to the circuit court for entry of the July 2020 Rule 54(b) Judgment.

[3]      All claims against AP were previously dismissed pursuant to the Rule 54(b) Judgment, and all claims for and against Defendant/Counterclaimant/Third-Party Plaintiff-Appellee Deutsche Bank National Trust (**Deutsche Bank**) were previously dismissed by stipulation.

[4]      Greenspon's opening brief, in CAAP-20-0000442, also asserts points of error with respect to the following five predicate orders,

(continued . . .)

Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Greenspon's points of error[5] as follows:

(1) Greenspon contends that the circuit court erred by dismissing the second amended complaint, and in failing to find that it adequately alleged claims against AP for: (1) "fraud and tortious litigation conduct"; (2) "patently illegal activities"; (3) "abusive collections practices"; (4) participating in "unfair methods of competition"; and (5) participating in a "fraud on the market" and "combination in restraint of trade in violation of [Hawaiʻi Revised Statutes] § 480-4[.]"

---

[4](. . . continued)

1. Order Denying Without Prejudice *Motion for Summary Judgment RE: Counterclaim*, Filed January 17, 2017, entered June 6, 2017;

2. Order Denying *Plaintiff's Renewed Motion for Summary Judgment RE: Counterclaim*, Filed February 14, 2018, entered April 12, 2018;

3. Order Denying *Plaintiff's Motion for Summary Judgment on SAC Claims for Wrongful Foreclosure and Unfair/Deceptive Practices*, Filed April 18, 2018, entered August 6, 2018;

4. Order Denying *Plaintiff's Motion for Partial Summary Judgment RE Wrongful Foreclosure as to Defendants CIT/DBNTC*, Filed June 27, 2018, Without Prejudice, entered January 30, 2019;

5. Order Granting in Part and Denying in Part Defendant [CIT's] *Motion For Terminating Sanctions*, Filed April 3, 2020, entered May 18, 2020 (**Sanctions Order**).

[5] We have reordered and consolidated Greenspon's points of error in CAAP-19-0000391, and, with regard to CAAP-20-00000442, we limit our review to the dispositive point of error. See, infra, note 9.

"A circuit court's ruling on a motion to dismiss is reviewed *de novo*." Sierra Club v. Dep't of Transp., 115 Hawaiʻi 299, 312, 167 P.3d 292, 305 (2007) (citation omitted).

> [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. The appellate court must therefore view a plaintiff's complaint in a light most favorable to him or her in order to determine whether the allegations contained therein could warrant relief under any alternative theory. For this reason, in reviewing a circuit court's order dismissing a complaint . . . the appellate court's consideration is strictly limited to the allegations of the complaint, and the appellate court must deem those allegations to be true.

Bank of America, N.A. v. Reyes-Toledo, 143 Hawaiʻi 249, 257, 428 P.3d 761, 769 (2018) (citation omitted).

Here, Greenspon contends that the circuit court erred in dismissing his claims against AP, which provided legal counsel to an opposing party, Cal-Western, during the underlying litigation.[6] Hungate v. Law Off. of David B. Rosen, 139 Hawaiʻi 394, 413, 391 P.3d 1, 20 (2017) (abrogated on other grounds by State ex rel. Shikada v. Bristol-Myers Squibb Co., 152 Hawaiʻi 418, 526 P.3d 395 (2023)), is controlling. Hungate recognized that "absent special circumstances, attorneys owe no duty of care to non-clients." Id. at 405, 391 P.3d at 12. The Hungate court thus "declined to recognize a duty in favor of a plaintiff

---

[6] To the extent that Greenspon's allegations against AP arise from Cal-Western's alleged actions in the non-judicial foreclosure of the Haʻikū property, the record reflects that AP did not represent Cal-Western at the time of the non-judicial foreclosure. Cal-Western, which was dissolved in bankruptcy, is itself no longer a party to this action.

adversely affected by an attorney's performance of legal services on behalf of the opposing party." Id. at 413, 391 P.3d at 20.

Greenspon does not establish the basis, notwithstanding Hungate, for a statutory or other private right of action against an opposing party's *legal counsel*, based on actions taken by counsel in representing the opposing party's interests. The record reflects that Greenspon failed to state a claim against AP upon which relief could be granted, and the circuit court was not wrong in dismissing the claims against AP.

(2) Greenspon contends that the circuit court erred by denying Greenspon's motion to substitute AP for Cal-Western in the second amended complaint. We review the circuit court's ruling for abuse of discretion. See Price v. Coulson, No. CAAP-17-0000609, 2019 WL 2417754, at *3 (Haw. App. June 10, 2019) (SDO). Greenspon contends that,

> The circuit court erred by failing to find that [AP] used its dissolved former client, Defendant Cal-Western, as its alter-ego in its attempt to obstruct [Greenspon's] discovery and conceal its own liability for the acts alleged by [Greenspon's] [second amended complaint], and thus erred in denying [Greenspon's] HRCP Rule 25(c) motion to substitute [AP] for Cal-Western.

AP's purported acquisition of Cal-Western assets during the bankruptcy proceedings does not, without more, make AP the "alter ego" of Cal-Western. "Generally speaking, the question whether a corporation is a mere agency, instrumentality, or alter ego of another corporation or

6

individual is one of fact."  Robert's Hawaii School Bus, Inc. v. Laupahoehoe Transp. Co., Inc., 91 Hawaiʻi 224, 238, 982 P.2d 853, 867 (1999) (superseded by statute on other grounds, citing 1 William M. Fletcher, *Fletcher Cyclopedia of the Law of Private Corporations* § 41.95, at 699-705 (perm. ed. 1999)).

In Calipjo v. Purdy, 144 Hawaiʻi 266, 439 P.3d 218 (2019), the Hawaiʻi Supreme Court recognized that,

> Courts have identified a variety of factors to determine whether a corporate entity is the alter ego of another, though no single factor is dispositive.  In addition, a two-part test must be satisfied:
>
> It must be made to appear that [1] the corporation is not only influenced and governed by that person, but that there is such a unity of interest . . . that the individuality, or separateness, of such person and corporation has ceased, and [2] that the facts are such that an adherence to the fiction of the separate existence of the corporation would, under the particular circumstances, sanction a fraud or promote injustice.

Id. at 277, 439 P.3d at 229 (cleaned up).  Greenspon failed to present any evidence establishing that AP and Cal-Western shared a "unity of interest," such that maintaining a corporate fiction of AP and Cal-Western's "separate existence" would "sanction a fraud or promote injustice."  As discussed *supra*, the record reflects that AP's role in this litigation was solely to provide legal counsel for Cal-Western.  AP, as legal counsel, and Cal-Western, as the corporate client, were therefore separate entities.

The circuit court did not err in denying Greenspon's motion to substitute AP for Cal-Western.

(3) Greenspon contends that the circuit court erred by not holding an evidentiary hearing regarding his motion for reconsideration of the dismissal of his second amended complaint. "Decisions relating to the conduct of a trial or hearing and the adequacy of process usually involve the exercise of discretion, and thus warrant review under the abuse of discretion standard on appeal." TSA Int'l Ltd. v. Shimizu Corp., 92 Hawai‘i 243, 252, 990 P.2d 713, 722 (1999). Greenspon has not alleged any new facts that would support his motion for reconsideration, and the circuit court did not abuse its discretion in determining that, given the voluminous record of motions, papers, and exhibits, a further hearing would not be beneficial to the court's decision-making process. The circuit court therefore did not abuse its discretion in ruling on the motion for reconsideration without a hearing.

(4) In CAAP-20-0000442, Greenspon contends that the circuit court erred in dismissing the second amended complaint, on grounds that Greenspon failed to comply with discovery rules and orders. We review the circuit court's dismissal of the second amended complaint for an abuse of discretion.

> The circuit court is given broad discretion in determining the sanctions to be imposed pursuant to HRCP Rule 37(b)(2). A trial court's imposition of a discovery abuse sanction is reviewable on appeal for abuse of discretion. A trial court abuses its discretion whenever it exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party.

Aloha Unlimited, Inc. v. Coughlin, 79 Hawaiʻi 527, 532-33, 904 P.2d 541, 546-47 (App. 1995) (cleaned up).

Pursuant to HRCP Rule 37, the circuit court may sanction a party for its willful disobedience with respect to discovery orders, including the issuance of an order "dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]"  HRCP 37(b)(2)(C).  In determining the appropriateness of dismissal, the court will consider: "(1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." W.H. Shipman, Ltd. v. Hawaiian Holiday Macadamia Nut Co., Inc., 8 Haw. App. 354, 362, 802 P.2d 1203, 1207 (App. 1990).

"Dismissal with prejudice is not an abuse of discretion when a plaintiff's deliberate delay or contumacious conduct causes actual prejudice."  Erum v. Llego, 147 Hawaiʻi 368, 382, 465 P.3d 815, 829 (2020) (citation omitted).  In Erum the supreme court overturned the dismissal of appellant's complaint when appellant failed to appear at a pretrial conference.  The supreme court held that,

> [W]henever a case is involuntarily dismissed with prejudice, the trial court must state essential findings on the record or make written findings as to deliberate delay or contumacious conduct and actual prejudice and explain

> why a lesser sanction than dismissal with prejudice is
> insufficient to serve the interests of justice.

Erum, 147 Hawaiʻi at 390, 465 P.3d at 837.

This case is distinguishable from JK v. DK, 153 Hawaiʻi 268, 533 P.3d 1215 (2023), which concluded, on the record of that case, that the trial court abused its discretion by entering a default judgment as a discovery sanction.  Id. at 278, 533 P.3d at 1225.  Here, the discovery sanction against Greenspon was warranted; Greenspon was afforded multiple warnings that his noncompliance and contemptuous behavior would result in sanctions.

The record reflects that the circuit court made extensive findings[7] regarding Greenspon's contumacious conduct with respect to, *inter alia*, the site inspection of the Haʻikū property, and opposing counsel's attempts to depose him:

**The Site Inspection**

> 12.  On or around May 15, 2017, Mr. Rosen noticed an
> inspection of the [Haʻikū] Property for June 14, 2017.  The
> inspection did not occur that day.  Efforts to reschedule

---

[7]     In its May 18, 2020 Sanctions Order, the circuit court incorporated from Civil No. 2CC141000395 its May 18, 2020 Findings of Fact, Conclusions of Law, and Order Granting the Motion For Rule 37 Sanctions, filed by Defendants/Third-Party Defendants David B. Rosen, Esq. and the Law Office of David B. Rosen, and joined by CIT, against Greenspon (**FOF/COL**). Civil No. 2CC141000395 is a closely related case, involving the same parties; the findings of fact and conclusions of law reference the site inspection and Greenspon's deposition, as discussed herein, that were part of Civil No. 2CC1710000090.

       As the FOF/COL have already been adopted and incorporated into the record of this case, we deny as unnecessary AP's request, filed on May 28, 2020, in CAAP-19-0000391, for this court to take judicial notice of the FOF/COL.  We also deny AP's request for this court to take judicial notice of other orders filed in Civ. No. 2CC171000090 as unnecessary.

proved unsuccessful and futile because Mr. Greenspon refused to allow Mr. Rosen or counsel for CIT to inspect the [Haʻikū] Property.

13. On September 11, 2018, Deutsche Bank moved in [2CC171000090] to compel an inspection of the [Haʻikū] Property. The Court granted the motion on December 21, 2018, ordering that the inspection be permitted and that it occur between April 1 and April 30, 2019.

14. On February 19, 2019, Mr. Greenspon moved for relief from the December 21, 2018 order and sought, among other things, to have the inspection scheduled for April 15-19, 2019, April 29-30, 2019, or August 1-20, 2019.

15. On February 22, 2019, the Court ordered that the site inspection occur on one of the dates requested by Mr. Greenspon. The Court entered a written order (the "[2CC171000090] Inspection Order") on March 14, 2019, directing, among other things, that "[e]ach party is permitted to have one (1) attorney and one (1) expert (e.g., a real estate consultant, an engineer or an appraiser) attend the Inspection."

16. On July 1, 2019, CIT moved in this action for an inspection of the [Haʻikū] Property. The Court denied the motion but ordered that the [2CC171000090] Inspection Order would be effective in this action.

17. At the August 5, 2019 hearing, the Court warned Mr. Greenspon that the inspection must occur, and there would be consequences, up to and including dismissal, if he failed to comply with the orders.

18. Deutsche Bank made efforts to schedule the site inspection and, on August 16, 2019, informed Mr. Greenspon that it would occur on August 19, 2019. In a subsequent communication, Mr. Greenspon stated that he would not allow the inspection to occur on that date. The Court's clerk subsequently informed the parties that the August 19, 2019 inspection would be canceled due to safety concerns, because Mr. Greenspon would not allow it to take place.

19. On July 24, 2019, the Rosen Defendants moved for discovery relief, and on October 16, 2019, the Court entered an order (the "Consolidated Case Inspection Order") granting the motion in part and stating that the inspection: (a) would occur prior to December 31, 2019; and (b) shall be conducted, but for the presence of a special master, pursuant to the [2CC171000090] Inspection Order. The Rosen Defendants noticed the inspection for December 19, 2019.

20. The Consolidated Case Inspection Order and [2CC171000090] Inspection Order permitted Mr. Rosen and attorneys for Defendants to attend the site inspection.

11

21. At a December 18, 2019 hearing, Mr. Greenspon requested a continuance of the site inspection. The Court denied the request, stated that it would occur as noticed, and warned Mr. Greenspon to comply with the inspection orders or face consequences. Mr. Greenspon responded to the Court that, irrespective of its order, he would **NEVER** allow the inspection.

22. Late in the afternoon on December 18, 2019, Mr. Greenspon informed Mr. Rosen that he would not be permitted to participate in the site inspection. Plaintiff failed to present any evidence that Mr. Rosen threatened him regarding the [Haʻikū] Property.

23. On December 19, 2019, Mr. Greenspon refused to allow CIT's counsel and one of Deutsche Bank's attorneys to participate in the site inspection.

. . . .

**The Events of January 15, 2020**

25. On October 16, 2019, the Court ordered Mr. Greenspon to appear for his deposition between the dates of January 15-31, 2020.

26. On November 5, 2019, the Court ordered that Mr. Greenspon's deposition be conducted on January 15, 2020, beginning at 9:00 a.m. On or around January 6, 2020, the Rosen Defendants filed an amended notice for Mr. Greenspon's deposition for that date and time.

27. On January 9, 2020, CIT filed and served its Designation of Alternative Method of Recording Deposition Testimony that provided, among other things, that Mr. Greenspon's deposition would be video recorded at CIT's sole cost and expense.

28. Mr. Greenspon appeared approximately 19 minutes after the designated time that the Court set for the deposition [to] begin (9:19 am versus 9:00 am), refused to be sworn in, and would not proceed unless the video recording stopped. Mr. Greenspon exhibited clear and unequivocally hostile and verbally abusive conduct towards Mr. Rosen and CIT's counsel. Mr. Rosen and the court reporter, an innocent victim of the hostile and verbally abusive conduct, requested on multiple occasions that Mr. Greenspon not speak over counsel and to refrain from screaming. Ultimately, the record and video recording at one point reflects that **the court reporter left the room and refused to further participate in the proceedings.**

29. Late in the morning of January 15, 2020, the Court conducted a status conference regarding the deposition. On the record at that conference, the Court stated that "[t]he deposition will proceed pursuant to the Court's order and pursuant to the notices that have been served."

30.  After returning to the court reporter's office to resume the deposition, Mr. Greenspon continued to refuse to be video recorded.

31.  Mr. Greenspon then donned a mask.  The mask that Mr. Greenspon wore had a clear photograph of CIT's counsel's face on it.  There can be no mistake that the mask worn by Mr. Greenspon had no health benefits, pre-dated any COVID-19 requirements, had to be the result of premeditated planning, and had the intent to disrupt the deposition proceedings.

32.  After Mr. Greenspon repeatedly disrupted the deposition, Mr. Rosen terminated the proceedings at approximately 12:20 p.m.

(Emphasis in original) (record citations omitted).

The above findings,[8] as supported by the record evidence, support the circuit court's conclusions that, *inter alia*,

6.  . . . Mr. Greenspon has consistently violated orders requiring him to comply with discovery requests.  He has unequivocally stated to the Court that he intends not to comply with said orders despite being advised of the potential consequences, including the dismissal of his actions.  Thus, further motions practice would be useless because Mr. Greenspon cast a die of his own making.

. . . .

7.  . . . Mr. Greenspon's failure to follow [the circuit court's] orders, specifically as to the site inspection and his deposition, deprived the Remaining Defendants of information material to their defense of Mr. Greenspon's claims and damages, and that such actions constitute a sizeable threat to the rightful decision of this case. . . .

. . . .

9.  The Court concludes that: (a) despite having brought the remaining claims in these Consolidated Actions against the Remaining Defendants, Mr. Greenspon has wrongfully failed to provide and/or permit reasonable and material discovery requested by them and ordered by this Court; (b) Mr. Greenspon's actions caused delay; and (c)

_____

[8]  "Findings of fact . . . that are not challenged on appeal are binding on the appellate court."  Okada Trucking Co., Ltd. v. Bd. of Water Supply, 97 Hawaiʻi 450, 458, 40 P.3d 73, 81 (2002).

13

> Mr. Greenspon's conduct was willful, contumacious, and inexcusable. . . .
>
> . . . .
>
> 11. The Court has on multiple occasions warned Mr. Greenspon to comply with discovery orders or face sanctions, up to and including dismissal. Mr. Greenspon nevertheless violated the Court's orders as to the site inspection and deposition. He has demonstrated a consistent contumacious and contentious attitude towards discovery in this action. The donning of a mask bearing the picture of an attorney in the case bears heavily on this Court's conclusion that it cannot guarantee the orderliness of proceedings or the continuing safety of those participating including court personnel.

On this record, we conclude that the circuit court did not abuse its discretion in dismissing the second amended complaint.[9]

For the foregoing reasons, we affirm the circuit court's July 23, 2019 Rule 54(b) Judgment, and June 10, 2020 Judgment.

DATED: Honolulu, Hawaiʻi, June 7, 2024.

On the briefs:

Michael C. Greenspon,
Self-represented
Plaintiff/Counterclaim
Defendant-Appellant.

Christina C. MacLeod,
for Defendant-Appellee.

Jenny J.N.A. Nakamoto,
For Defendant-Appellee.

/s/ Karen T. Nakasone
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge

---

[9] Given our conclusion that the circuit court properly dismissed Greenspon's claims pursuant to HRCP Rule 37, we need not reach the additional points of error raised in CAAP-20-0000442.

14